UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDGAR B. METZ,

    Plaintiff,

vs.

Civil Action 2:09-cv-00729
Judge Smith
Magistrate Judge Deavers

TITANIUM METALS CORP.
*doing business as* TIMET,

    Defendant.

## OPINION AND ORDER

On January 4, 2010, Plaintiff filed his Motion to Deem Request for Admission Admitted (Doc. 15) pursuant to Federal Rule of Civil Procedure 36(a). Plaintiff contends that Defendant TIMET's Response was untimely; it failed to meet the requirement of good faith in answering Requests No. 1–4 ; and its responses to Requests No. 9 and 10 fail to conform with Rule 36(a)(4). In its memorandum in opposition and sur-reply, Defendant denies the Plaintiff's contentions and asserts that Plaintiff failed to comply with local rules for discovery by neglecting to contact counsel in an attempt to resolve disputes extrajudicially before bringing motions under Rules 26 and 37. *See* S.D. Ohio Civ. R. 37.1.

The record in this case reveals some ambiguity with respect to whether Defendant's discovery responses were timely. Plaintiff served Defendant on November 3, 2009, and Defendant had thirty days to respond under Rule 36. Fed. R. Civ. P. 36(a)(3). Because Plaintiff served Defendant via U.S. Mail, Defendant was entitled to an additional three days to respond. Fed. R. Civ. P. 6(d) (stating that when "service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3

days are added after the period would otherwise expire under Rule 6(a)"). Thus, Defendant's Response was originally due on December 6, 2009. The parties agreed to a two week extension of Defendant's due date. Nevertheless, it is unclear whether this extension factored in the additional three days Defendant was due under Rule 6(d). Accordingly, Defendant's Response was due either December 17, 2009 or December 20, 2009. Defendant served its Response on December 18, 2009.

In this case, the Court views Defendant's Response as timely, and refuses to deem Plaintiff's Requests admitted on this basis. Defendant was entitled to an additional three days under Rule 6(d). The Court finds the most natural interpretation of the two-week extension to be from December 6, 2009, the original due date for the Response. Furthermore, even if the due date was December 17, 2009, the Court has discretion to accept an untimely answer to a request for admissions. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (quoting *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983)) ("[W]e look to the understandable discretion vested in district courts to permit a longer time for a written answer to request for admissions and to accept 'the filing of an answer that would otherwise be untimely.'").

The dispute surrounding Requests No. 1 through 4 revolves around a misspelling. Specifically, Defendant objected to Requests No. 1 through 4, asserting that it had no knowledge of "Glen Dickerson." (Doc. 15-4 at 1–2.) In its Memorandum in Opposition, Defendant concedes that it employs an individual named "Glenn Dickinson." (Doc. 19 at 3.)

Rule 36 requires that "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer . . . the answer must specify the part

admitted or part denied." Fed. R. Civ. P. 36(a)(4). Defendant's reliance on a minor spelling mistake to evade responding to Requests No. 1 through 4 pushes the boundaries of the good faith standard embedded in Rule 36. Defendant is hereby ORDERED to resubmit Requests No. 1 through 4. In submitting its answers, Defendant is hereby ORDERED to respond to the Requests with respect to their application to "Glenn Dickinson."

With regards to Requests No. 9 and 10, Rule 36 requires Defendant to either deny or admit the matter, or "state[] that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). Although Defendant's answers to Requests No. 9 and 10 substantively appear to assert that the Defendant has insufficient information, they also contain denials. Accordingly, Defendant is ORDERED to clarify its response to these Requests by either denying the matter or stating that it has insufficient information after a reasonable inquiry.

Finally, although S.D. Ohio Civ. R. 37.1 does not technically apply to matters arising under Rule 36, the Court encourages the parties to confer regarding all matters such as these relatively minor disputes before seeking judicial intervention. The Court expects counsel to exhaust extrajudicial means before seeking to employ the resources of the Court.

Based on the foregoing, Plaintiff's Motion to Deem Requests for Admission Admitted (Doc. 15) is DENIED. Defendant is DIRECTED to resubmit answers to Requests No. 1–4, 9, and 10 in conformity with this Order.

April 12, 2010 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge